UNITED STATES DISTRICT COURT
NORTHERN DISTRICT FLORIDA
Gainesville Division

PETRA HALL and SEAN
TRUSSELL,
and all persons similarly situated,

      Plaintiffs,

            **CLASS ACTION**

vs.

JUICY CRAB INC., SEA CRAB
INC., THE BOIL JAX INC., and
THE JUICY CRAB JAX LLC.

      Defendants.         /

---

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs PETRA HALL and SEAN TRUSSELL, individually and on behalf of all other similarly situated, by and through their attorneys BROWN, LLC, as and for their Complaint against Defendants JUICY CRAB INC., SEA CRAB INC., THE BOIL JAX INC., and THE JUICY CRAB JAX LLC. allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action to recover monetary damages, liquidated damages, costs, and reasonable attorney's fees as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), Article X, Section

1

24 of Florida's Constitution, and the Florida Minimum Wage Act ("FMWA"), Fl. Stat. §448.110.

2.     Defendants jointly operate seafood restaurants named "Juicy Crab," and/or "J&C Crab," located at:

   a.  1115 Mary Susan Drive, Jacksonville, Florida 32246;

   b.  8106 Blanding Blvd., Jacksonville, Florida 32244; and

   c.  1036-24 Dunn Ave., Jacksonville, FL 32218.

3.     The Plaintiffs and putative collective and class members are or were servers and bartenders of Defendants, and were subject to Defendants' unlawful policy of claiming a "tip credit" and paying hourly rates below the standard minimum wage, despite failing to comply with the requirements for claiming a tip credit under the FLSA and FMWA.

4.     An employer seeking to claim a tip credit against the wages of tipped employees must comply with 29 U.S.C. § 203(m)(2), which provides:

> (A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
>
> (i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on the date of the enactment of this paragraph [enacted August 20, 1996]; and
>
> (ii) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage

specified in clause (i) and the wage in effect under section 6(a)(1) [29 USCS § 206(a)(1)].

(B) An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

5.     Defendants violated 29 U.S.C. 203(m)(2) by:

    a.  Failing to inform servers and bartenders of the provisions of 29 U.S.C. § 203(m);

    b.  Requiring servers and bartenders to share tips with Defendants and their managers; and

    c.  Requiring servers and bartenders to reimburse Defendants from their tips for customer walkouts and cash register shortages.

6.     Because Defendants failed to comply with 29 U.S.C. § 203(m), their compensation scheme denied servers and bartenders the minimum wages and tips to which they were entitled under the FLSA.

7.     In addition, Defendants failed to pay Plaintiffs and other servers and bartenders for all hours worked, by preventing them from clocking in for pre and

post-shift work, and altering their clock-in/out records to reduce the number of hours for which they were paid.

8.      Finally, Defendants violated the FLSA's overtime requirements by calculating their overtime rate of pay by multiplying their reduced tip-credit rates by 1.5, whereas the proper approach is to multiply the full minimum wage by 1.5 and then subtract the tip credit. See 29 C.F.R. § 531.60 ("In accordance with section 3(m), a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour…."); U.S. Department of Labor Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act ("Fact Sheet #15") ("Where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the lower direct (or cash) wage payment. The employer may not take a larger FLSA 3(m) tip credit for an overtime hour than for a straight time hour.").[1]

9.      Plaintiffs assert the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the putative "FLSA Collective," defined as: *Any individual who worked as a server and/or bartender for any Defendant at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.*

---

[1] Available at https://www.dol.gov/whd/regs/compliance/whdfs15.pdf

10.     Plaintiffs also bring individual claims for retaliation under 29 U.S.C. § 215(a)(3), based on Defendants' termination of their employment as a result of their complaints about the violations of the FLSA alleged herein.

11.     In addition to their FLSA claims, Plaintiffs assert individual and class claims for violations of the Florida's Constitution and Fl. Stat. § 448.110.

12.     Fla. Const. Art. 10 § 24(c) provides in pertinent part: "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." Thus, Defendants' compensation scheme violates for the Florida Constitution for the same reasons it violates the FLSA.

13.     Fl. Stat. §448.110 implements Fla. Const. Art. 10 § 24 and provides a private cause of action by which an employee may recover unpaid wages, liquidated damages, attorneys' fees and costs. An employee bringing a claim under Fl. Stat. §448.110 must give the employer at least fifteen (15) days written notice of his or her intent to do so, which both Plaintiffs have done here.

14.     In addition to their individual FMWA claims, Plaintiffs also bring class claims pursuant to Fed. R. Civ. P. 23 on behalf of the putative "Rule 23 Class," which is defined as: *Any individual who worked as a server and/or bartender for any Defendant at any time within the period of the five (5) years prior to the commencement of this action through the date of judgment.*

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* a federal statute.

16.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims brought under the Florida Constitution and FMWA.

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

18.    Defendant JUICY CRAB INC. is a Florida corporation with a principal place of business at 1115 Mary Susan Dr., Jacksonville, Florida 32246.

19.    Defendant JUICY CRAB INC.'s registered agent for service of process is Ji Le Ni, 1115 Mary Susan Dr., Jacksonville, Florida 32246.

20.    Defendant SEA CRAB INC. is a Florida corporation with a principal place of business at 1036-24 Dunn Ave., Jacksonville, FL 32218.

21.    Defendant SEA CRAB INC.'s registered agent for service of process is Ji Le Ni, 1036-24 Dunn Ave., Jacksonville, FL 32218.

22.    Defendant THE BOIL JAX INC. is a Florida corporation with a principal place of business at 8106 Blanding Blvd., Jacksonville, Florida 32244.

23.     Defendant THE BOIL JAX INC.'s registered agent for service of process is Kwok S. Ng, 2419 Ormsby Circle E, Jacksonville, Florida 32210.

24.     Defendant THE JUICY CRAB JAX LLC is a Florida limited liability company with a principal place of business at 1115 Mary Susan Dr., Jacksonville, Florida 32246.

25.     Defendant THE JUICY CRAB JAX LLC's registered agent for service of process is Decai Chen, 1115 Mary Susan Dr., Jacksonville, Florida 32246.

26.     Plaintiff Petra Hall is an adult resident of Duval County, Florida.

27.     Plaintiff Petra Hall worked as a server and bartender for Defendants at the Juicy Crab restaurant located at 1115 Mary Susan Dr., Jacksonville, Florida 32246 from May 2019 through October 2019.

28.     Plaintiff Petra Hall has consented to the filing of this action, pursuant to 29 U.S.C. § 216(b). *See* **Exhibit A.**

29.     Plaintiff Sean Trussell is an adult resident of Duval County, Florida.

30.     Plaintiff Sean Trussell has worked as a bartender for Defendants at the Juicy Crab restaurant located at 1115 Mary Susan Dr., Jacksonville, Florida 32246 from January 2019 through November 2019.

31.     Plaintiff Sean Trussell has consented to the filing of this action, pursuant to 29 U.S.C. § 216(b). *See* **Exhibit A.**

32.     Plaintiffs Trussell and Hall received their paystubs from JUICY CRAB INC.

7

## FACTUAL ALLEGATIONS

33.     Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

34.     Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

35.     Defendants jointly employed servers and bartenders and classified them as hourly-paid, non-exempt employees.

36.     Defendants claimed a "tip credit" against servers' and bartenders' wages, and paid them at hourly rates below the federal minimum wage ($7.25 per hour).

37.     Defendants failed to inform their servers and bartenders of the provisions of 29 U.S.C. § 203(m).

38.     Defendants required servers and bartenders to share tips with Defendants and their managers.

39.     Defendants required servers and bartenders to reimburse Defendants from their tips for customer walkouts and cash register shortages.

40.     Servers and bartenders worked over forty (40) hours in many workweeks.

41.     Defendants failed to pay servers and bartenders for all hours worked, by preventing them from clocking in for pre and post-shift work, and altering their clock-in/out records to reduce the number of hours for which they were paid.

8

42.    As a result, there were many weeks in which servers and bartenders' wages for the workweek averaged out to an hourly rate lower than the minimum wage, and/or in which servers and bartenders were not paid for all hours worked in excess of forty (40) hours in a workweek.

43.    Defendants knew or should have known that servers and bartenders were performing work off the clock and that their clock-in/out records were being altered to reduce the number of hours for which they were paid.

44.    Defendants violated the FLSA's overtime requirements by calculating their overtime rate of pay by multiplying their reduced tip-credit rates by 1.5, whereas the proper approach is to multiply the full minimum wage by 1.5 and then subtract the tip credit.

45.    For example, in the bi-weekly pay period of March 16, 2019 to March 31, 2019, Defendants paid Plaintiff Trussell for 80 hours at a rate of $7.00 per hour, and for 6.19 overtime hours at a rate of $10.50 per hour. Defendants calculated his $10.50 overtime rate by multiplying $7.00 times 1.5, whereas the FLSA required them to multiply the federal minimum wage ($7.25) times 1.5 (which equals $10.88), and then subtract $0.25 (the difference between $7.25 and $7.00 i.e. the tip credit), to reach an overtime rate of $10.63 per hour.

46.    Defendants' foregoing violations were willful, as Defendants knew that their servers and bartenders were not receiving minimum wages and overtime

compensation in accordance with the FLSA and Florida law, or recklessly disregarded whether this was occurring.

## COLLECTIVE ACTION ALLEGATIONS

47.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all similarly situated current and former servers and bartenders of Defendants who were not paid the minimum wages and tips to which they were entitled as a result of Defendants' failure to comply with the FLSA.

48.    Defendants' executives, administrators, professional employees, and outside sales persons, if any, are excluded from the collective action.

49.    A collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), all of Defendants' servers and bartenders are "similarly situated" to the named Plaintiffs.

50.    The FLSA Collective includes:

> *Any individual who worked as a server and/or bartender for any Defendant at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.*

51.    The members of the putative FLSA Collective are similarly situated to the named Plaintiffs because they worked in the same or similar positions, were subjected to the same unlawful practices, policies, or plans, and their claims are based upon the same factual and legal theories.

52.    The key legal issue in the collective action—whether Defendants' tip credit

and timekeeping policies and practices violate the FLSA—does not vary substantially amongst FLSA Collective members.

53.    Plaintiffs estimate the FLSA Collective, including both current and former workers over the relevant three-year period, will include over forty (40) individuals. The precise number of FLSA Collective members should be readily discernible from a review of Defendants' records.

## CLASS ACTION ALLEGATIONS

54.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

55.    With regards to Plaintiffs' claims under Article X, Section 24 of the Florida Constitution and Fl. Stat. Sec. 448.100, Plaintiffs seek Fed. R. Civ. P. 23 certification of the putative "Rule 23 Class," defined as:

> *Any individual who worked as a server and/or bartender for any Defendant at any time within the period of the five (5) years prior to the commencement of this action through the date of judgment.*

56.    Upon information and belief, the number of persons who comprise the class exceeds forty (40).

57.    All questions of law and fact implicated in this action are common to the named Plaintiffs and the members of the Rule 23 Class.

58.    The claims of the named Plaintiffs are typical of—identical to—the claims of the members of the Rule 23 Class.

59.     The named representative Plaintiffs will fairly and adequately represent the interests of the members of the Rule 23 Class, and they have engaged capable counsel experienced in litigating class claims, multiple plaintiff claims, and litigating complex civil actions.

60.     The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other class members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

61.     Defendants have acted or refused to act----via application of an across-the-board unlawful policy of failing to pay minimum wage---on grounds generally applicable to the members of the Rule 23 Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the class as a whole.

62.     The interests of individual members of the class in individually controlling the prosecution of potential individual claims are minimal, particularly in light of statute of limitations and exhaustion of administrative remedies defenses that would or might be interposed in any such action, and which would not be applicable should this action be certified as a class action.

63.     No particular difficulties are likely to be encountered in the management of

this case due to it being afforded class action status.

64.     All questions presented in this case----of law and fact—are common to the members of the Rule 23 Class and predominate over any questions affecting only individual members of the class.

65.     The relief necessary to remedy the wrongs visited upon the named Plaintiffs is the same as that necessary to remedy the claims of members of the Rule 23 Class. Plaintiffs seek, on behalf of themselves and the members of proposed class the following relief:

      a.     payment of the difference between the standard Florida minimum wage, and the reduced "tip credit" hourly rate that Rule 23 Class members received;

      b.     payment for hours that were worked off the clock and/or were otherwise not compensated;

      c.     disgorgement of all tips Defendants improperly took from Rule 23 Class members;

      d.     payment of an amount equal to items (a) - (c) as liquidated damages; and

      e.     costs of this litigation and an award of attorney's fees.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>**FIRST CLAIM FOR RELIEF**</u>
(Brought individually and on a collective basis pursuant to 29 U.S.C. § 216(b))
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a)**
**FAILURE TO PAY MINIMUM WAGE**

67.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

68.    At all relevant times, Defendants employed Plaintiffs and members of the FLSA Collective within the meaning of the FLSA.

69.    Defendants failed to pay Plaintiffs and other members of the FLSA Collective minimum wages.

70.    Defendants failed to comply with the prerequisites for claiming a tip credit under 29 U.S.C. 203(m).

71.    Defendants failed to pay Plaintiffs and other members of the FLSA Collective for all hours worked, resulting in many weeks in which their wages for the workweek averaged out to an hourly rate lower than the minimum wage.

72.    Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

73.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74.    As a result of the foregoing, Plaintiffs and other similarly situated employees were illegally deprived of minimum wages, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages,

costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C §

216(b).

## SECOND CLAIM FOR RELIEF
(Brought by individually and on a collective basis pursuant to 29 U.S.C. § 216(b))
**Violation of the Fair Labor Standards Act, § 203(m)(2)(B)**
**UNLAWFUL KEEPING OF TIPS**

75.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint

inclusive, as if fully set forth herein.

76.     The FLSA, Section 203(m)(2)(B), provides:

> An employer may not keep tips received by its employees for any
> purposes, including allowing managers or supervisors to keep any
> portion of employees' tips, regardless of whether or not the employer
> takes a tip credit.

77.     Tips are the property of the employee, even when the employer has not taken a

tip credit:

> Tips are the property of the employee whether or not the employer has
> taken a tip credit under section 3(m) of the FLSA. The employer is
> prohibited from using an employee's tips, whether or not it has taken a
> tip credit, for any reason other than that which is statutorily permitted in
> section 3(m): As a credit against its minimum wage obligations to the
> employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52

78.     Employer-mandated tip pools can only share tips with other tipped employees:

> [V]alid mandatory tip pools . . . can only include those employees who
> customarily and regularly receive tips. However, *an employer may not
> retain any of the employees' tips for any other purpose*.

29 C.F.R. § 531.54 (emphasis added).

15

79.     The FLSA, Section 216(b), provides employees with a private right of action against their employers for violating these tip-pooling laws:

> Any employer who violates section 3(m)(2)(B) [29 USC § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b)

80.     Defendants violated the FLSA by keeping portions of the tips received by Plaintiffs and other members of the FLSA Collective.

81.     Defendants knew, or acted with reckless disregard as to whether the retention of their employees' tips would violate federal law and Defendants were on notice of the FLSA's requirements at all relevant times. As such, Defendants' conduct constitutes a willful violation of the FLSA.

82.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

83.     Plaintiffs and other members of the FLSA Collective are therefore entitled to the full amount of their unlawfully retained tips, plus additional amounts for liquidated damages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
(Brought by individually and on a collective basis pursuant to 29 U.S.C. § 216(b))
**Violation of the Fair Labor Standards Act, § 207(a)(1)**
**FAILURE TO PAY OVERTIME**

84.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint

inclusive, as if fully set forth herein.

85.    29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any
> workweek is engaged in commerce or in the production of goods for
> commerce, or is employed in an enterprise engaged in commerce or in
> the production of goods for commerce, for a workweek longer than
> forty hours unless such employee receives compensation for his
> employment in excess of the hours above specified at a rate not less
> than one and one-half times the regular rate at which he is employed.

86.    Plaintiffs and other members of the FLSA Collective worked over forty (40)

hours in many workweeks.

87.    Defendants failed to pay servers and bartenders for all hours worked, by

preventing them from clocking in for pre and post-shift work, and altering their

clock-in/out records to reduce the number of hours for which they were paid.

88.    As a result, there were many weeks in which Plaintiffs and other members of

the FLSA Collective were not paid for all hours worked in excess of forty (40) hours

in a workweek.

89.    Defendants violated the FLSA's overtime requirements by calculating their

overtime rate of pay by multiplying their reduced tip-credit rates by 1.5, whereas the

proper approach is to multiply the full minimum wage by 1.5 and then subtract the

tip credit. See 29 C.F.R. § 531.60 ("In accordance with section 3(m), a tipped

employee's regular rate of pay includes the amount of tip credit taken by the

employer per hour…."); Fact Sheet # 15 ("Where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the lower direct (or cash) wage payment. The employer may not take a larger FLSA 3(m) tip credit for an overtime hour than for a straight time hour.").

90.    Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

91.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

92.    As a result of the foregoing, Plaintiffs and other similarly situated employees were illegally deprived of minimum wages, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### FOURTH CLAIM FOR RELIEF
(Brought by Plaintiffs individually)
**Violation of the Fair Labor Standards Act, § 215(a)(3)**
**RETALIATION**

93.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

94.    Section 215 of the FLSA provides in relevant part:

> i. … [I]t shall be unlawful for any person—
> …
> (3)  to discharge or in any other manner discriminate

18

> against any employee because such employee has filed
> any complaint or instituted or caused to be instituted any
> proceeding under or related to this Act …, or has
> testified or is about to testify in any such proceeding, or
> has served or is about to serve on an industry committee.

95.    In a recent opinion addressing Section 215(a)(3), the Supreme Court held:

> To fall within the scope of the antiretaliation provision, a
> complaint must be sufficiently clear and detailed for a
> reasonable employer to understand it, in light of both
> content and context, as an assertion of rights protected by
> the statute and a call for their protection. This standard can
> be met, however, by oral complaints, as well as by written
> ones.

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14, 131 S. Ct. 1325,

1335 (2011).

96.    Plaintiffs "filed complaints" with Defendants regarding Defendants' FLSA

violations, within the meaning of 29 U.S.C. § 215(a)(3).

97.    Defendants discriminated against Plaintiffs for filing their complaints, by

reducing their work schedules and/or terminating their employment.

98.    Plaintiffs' complaints to Defendants were the cause of Defendants terminating

their employment.

99.    As a result of the foregoing, Plaintiffs are entitled to recovery of lost wages,

liquidated damages, emotional distress damages, punitive damages costs, and

reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## <u>FIFTH CLAIM FOR RELIEF</u>
(Brought individually and on a class basis pursuant to Rule 23)

## Violations of Fla. Const. Art. 10 § 24
## FAILURE TO PAY MINIMUM WAGE

100.   Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

101.   Defendants employed Plaintiffs and members of the Rule 23 Class, within the meaning of the Florida Constitution.

102.   Defendants failed to pay Plaintiffs and members of the Rule 23 Class minimum wages.

103.   Defendants failed to comply with the prerequisites for claiming a tip credit under 29 U.S.C. 203(m) (and by extension, 8. Fla. Const. Art. 10 § 24(c)).

104.   Defendants failed to pay Plaintiffs and other members of the Rule 23 Class for all hours worked, resulting in many weeks in which their wages for the workweek averaged out to an hourly rate lower than the minimum wage.

105.   Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

106.   Because Defendants willfully violated Fla. Const. Art. 10 § 24, a five (5) year statute of limitations applies, pursuant to Fla. Stat. § 95.11(d).

107.   As a result of the foregoing, Plaintiffs and members of the Rule 23 Class were illegally denied proper minimum wages, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs,

reasonable attorney's fees and other compensation pursuant to Fla. Stat. § 448.110(c).

## SIXTH CLAIM FOR RELIEF
(Brought individually and on a class basis pursuant to Rule 23)
**Violations of the FMWA**
**FAILURE TO PAY MINIMUM WAGE**

108.   Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

109.   Defendants employed Plaintiffs and members of the Rule 23 Class, within the meaning of the FMWA.

110.   Defendants failed to pay Plaintiffs and members of the Rule 23 Class minimum wages.

111.   Defendants failed to comply with the prerequisites for claiming a tip credit under 29 U.S.C. 203(m) (and by extension, 8. Fla. Const. Art. 10 § 24(c)).

112.   Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

113.   Because Defendants willfully violated the FMWA, a five (5) year statute of limitations applies, pursuant to Fla. Stat. § 95.11(d).

114.   At least fifteen (15) days before commencing this action, Plaintiffs notified Defendants in writing of their intent to initiate this action.

115.   Plaintiffs' written notice identified the minimum wage to which Plaintiffs claim entitlement, the actual or estimated work dates and hours for which payment

is sought, and the total amount of alleged unpaid wages through the date of the notice.

116.   Defendants did not pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the persons aggrieved within 15 calendar days after receipt of Plaintiffs' written notice.

117.   As a result of the foregoing, Plaintiffs and members of the Rule 23 Class were illegally denied proper minimum wages, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to Fla. Stat. § 448.110(c).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)   An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and the members of the Collective and Class.

(B)   An order Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, designating Plaintiffs as Class Representatives and designating Plaintiffs' Counsel as counsel for the class, and directing the issuance of notice to the class at Defendants' expense;

(C)    Judgment for damages for all unpaid minimum wages, overtime compensation, and tips owed to Plaintiffs during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*

(D)    Judgment for liquidated damages pursuant to the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wages, overtime compensation, and tips owed to Plaintiffs during the applicable statutory period.

(E)    Judgment for damages against all Defendants, jointly and severally, for all lost wages, front pay, liquidated damages, emotional distress damages, punitive damages to which Plaintiffs are lawfully entitled under 29 U.S.C. § 215(a)(3)

(F)    Judgment for damages for all unpaid minimum wages and tips due under the FMWA and Florida Constitution;

(G)    Judgment for liquidated damages pursuant to the FMWA and Florida Constitution;

(H)    An incentive award for Plaintiffs for serving as a representative of other similarly situated employees.

(I)    An order directing Defendants to pay Plaintiffs reasonable attorney's fees and all costs connected with this action.

(J)      Such other and further relief as to this Court may deem necessary, just

and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

demand trial by jury on all questions of fact raised by the complaint.


Dated: January 16, 2020

RESPECTFULLY SUBMITTED,

By:   /s/ Jason T. Brown
Jason T. Brown (N.D. Fla. ID #
4389854)
Nicholas Conlon (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

24